**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURIE B LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>             Defendants. | Case No. CV 14-03942 DMG (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES' STIPLUATION REGARDING PRESERVATION OF CONFIDENTIAL RESTRICTED INFORMATION AND [PROPOSED] PROTECTIVE ORDER** |

The Court has received and considered the parties' "Stipulation Regarding Preservation of Confidential Information" and the accompanying Proposed Protective Order ("Protective Order"). The Court cannot adopt the Protective Order as stipulated to by the parties. The parties may submit a revised stipulated protective order, but must correct the following deficiencies:

\\

\\

1	First, the proposed Protective Order fails to include an
2	adequate statement of good cause. <u>Foltz v. State Farm Mut. Auto.</u>
3	<u>Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective
4	order analysis requires examination of good cause) (citing
5	<u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11, 1212 (9th
6	Cir. 2002)). Federal Rule of Civil Procedure 26(c) requires a
7	"particularized showing" of good cause in order for the Court
8	entry of a protective order. <u>Kamakana v. City and Cnty. of</u>
9	<u>Honolulu</u>, 447 F.3d 1172, 1176 (9th Cir. 2006) (internal citations
10	omitted); <u>see also</u> Fed. R. Civ. P. 26(c). There is no automatic
11	privilege to file documents under seal. To the contrary, there
12	is a "strong presumption in favor of [public] access to court
13	records." <u>Foltz</u>, 331 F.3d at 1135.
14
15	Moreover, a protective order should be narrowly tailored and
16	not overbroad. <u>See</u> <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1063
17	n.3 (9th Cir. 2004) (disfavoring "overbroad" protective orders).
18	It is preferable to have the documents, information, items or
19	materials that are subject to the protective order described in a
20	meaningful and specific fashion (for example, "personnel
21	records," "medical records," "tax returns," etc.).
22
23	In any revised stipulated protective order submitted to the
24	Court, the parties should include a statement demonstrating good
25	cause for entry of a protective order pertaining to the specific
26	documents, materials, or information described in the order. The
27	paragraph containing the statement of good cause should be
28	preceded by the heading "GOOD CAUSE STATEMENT." The Good Cause

Statement should be edited to discuss information that applies to the instant case, including the specific harm or prejudice that would result from the disclosure of confidential information likely to be produced, assuming no protective order is entered. See Foltz, 331 F.3d at 1130 ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.").

The Court cautions that any party seeking to file material under seal must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and the undersigned Magistrate Judge, including any procedures adopted under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents. Parties may not agree to file all confidential documents under seal, without Court approval. (See Proosed Stip., ¶ 3). If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

Second, the Court will not agree to the procedures the parties propose for resolving alleged violations of the Protective Order. (Prot. Order ¶ 14). Before seeking court intervention in any discovery matter, the parties must strictly comply with the Central District's Local Rule 37, including the letter and meet and confer requirements set forth in Local Rule

3

37-1. Both parties must timely file a written joint stipulation containing all issues in dispute. C.D. Cal. L.R. 37-2, 37-2.1. The Local Rules expressly set forth the form and preparation of this kind of stipulation. C.D. Cal. L.R. 37-2.1, 37-2.2. The Court will not consider the motion unless the stipulation or a declaration from the moving party, describing how the opposing party failed to cooperate in formulating the stipulation, is timely filed. See C.D. Cal. L.R. 37-2.4.

Third, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption: "[**Discovery Document: Referred to Magistrate Judge Suzanne H. Segal**]."

Finally, the Court notes that its website contains additional guidance regarding protective orders and a sample protective order. This information is available in Judge Segal's section of the link marked "Judges' Procedures & Schedules." (See http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/FAQs+about+Judges%27+Procedures+and+Schedules?OpenView).

\\
\\
\\
\\

1        The parties may submit a revised Stipulation and [Proposed]
2   Protective Order for the Court's consideration.

4        IT IS SO ORDERED.

6   DATED:  September 23, 2014

8                                    _____/S/_____
                                     SUZANNE H. SEGAL
                                     UNITED STATES MAGISTRATE JUDGE

5